NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUA SANG, | No. 20-70937 |
| Petitioner, | Agency No. A089-982-844 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2021**
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Hua Sang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration

judge's ("IJ") order denying him asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT") based on an adverse credibility

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

finding. Because the parties are familiar with the facts, we do not recite them here. We review an adverse credibility finding for substantial evidence. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). "[T]he REAL ID act requires a healthy measure of deference to agency credibility [findings]." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

The REAL ID Act requires an IJ to consider the totality of the circumstances and all relevant factors when evaluating a petitioner's credibility. *Id.* at 1040, 1043. This allows an IJ to consider any inconsistency in the petitioner's testimony. *See id.* at 1043. "[E]ven minor inconsistencies that [bear] on a petitioner's veracity" can form the basis for an IJ's adverse credibility finding. *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). Trivial inconsistencies that "have no bearing on a petitioner's veracity," however, are insufficient to support an IJ's adverse credibility finding. *Shrestha*, 590 F.3d at 1044.

1.    Substantial evidence supports the IJ's adverse credibility finding. First, Sang provided inconsistent answers regarding where his parents lived in China. Sang testified that his parents currently lived at 59 Dong Guan Street. But Sang then also testified that his parents currently lived at 152 Yuang Tai Street. Sang could not provide any reasonable explanation for his inconsistent testimony. The IJ did not err in relying on this inconsistency, which is pertinent because Sang testified that

2

Chinese police officers who had allegedly beat him later visited his parents' home in China looking for him.

Second, Sang's declaration never mentioned him receiving any medical treatment when Chinese police officers allegedly beat him. Sang later told the IJ, however, that Chinese police officers beat him severely enough for a doctor to prescribe a two-day regimen of intravenous saline solution. Because evidence of medical treatment is probative of the presence, and degree, of past persecution, *Guo v. Sessions*, 897 F.3d 1208, 1214–15 (9th Cir. 2018), Sang's testimony before the IJ presented a much more compelling report of his past harm than outlined by his declaration. Sang provided no explanation, however, as to why he omitted such critical medical information from his declaration. The IJ did not err in relying on this critical omission. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016).

Third, Sang testified that he attended church services in the United States regularly on Sundays. But Sang's own witness—an assistant pastor at his church—suggested that Sang did not regularly attend church services on Sundays. The IJ did not err in relying on this inconsistency, which is pertinent to the alleged persecution in this case.[1] In sum, because these inconsistencies and omission are both pertinent

---

[1] Nor did the IJ err in relying on Sang's inconsistent testimony regarding when he learned about the termination from his employment. Because the inconsistencies and omission above are sufficient under the totality of the circumstances to support

and supported by substantial evidence, the REAL ID Act precludes us from overturning the agency's adverse credibility finding. It therefore follows that the agency did not err in denying Sang's requests for asylum and withholding of removal. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892–93 (9th Cir. 2020).

2.  Because Sang's brief before the BIA provided neither reasons nor argument explaining why the IJ erred in denying his CAT claim, he failed to exhaust his CAT claim. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (stating that a petitioner "exhaust[s] only those issues he raised and argued in his brief before the BIA"). We therefore lack jurisdiction to consider his CAT claim. *See id.*

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

the agency's adverse credibility determination, we need not discuss the remaining alleged inconsistencies.